UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JONETTE D. NAGRA | CIVIL ACTION |
| VERSUS | NO: 10-1612 |
| THE NATIONAL R.R. PASSENGER CORP. A/K/A AMTRAK, ET AL. | SECTION: "A" (5) |

**ORDER AND REASONS**

Before the Court is a **Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) (Rec. Doc. 11)** filed by defendants the National Railroad Passenger Corporation ("Amtrak") and BNSF Railway Co. ("BNSF"). Plaintiff Jonette D. Nagra opposes the motion. The motion, set for hearing on July 21, 2010, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is GRANTED.

I. **BACKGROUND**

Plaintiff Jonette Nagra filed this suit alleging severe and debilitating personal injuries arising out of a train collision in Cade, Louisiana. Nagra was employed by defendant Amtrak as a locomotive engineer and on the day of the accident (May 31, 2009) she was operating an Amtrak passenger train. As the train approached a railroad crossing at Babineaux Road near Louisiana Highway 182, a truck-trailer owned by defendant Gulf Coast Transport, and operated by its employee Selby Clay, attempted to

1

cross the railroad tracks. Nagra's train collided with Clay's vehicle. Nagra alleges severe and debilitating personal injuries as a result of the collision. Nagra has sued Amtrak pursuant to the Federal Employer's Liability Act ("FELA"), 45 U.S.C. § 51, <u>et seq.</u>, seeking recovery for her injuries. Plaintiff has sued Gulf Coast Transport (and its insurer Southern County Mutual Insurance Co.) and BNSF under state law for negligence. Plaintiff has also joined an ERISA claim against United Healthcare Services, Inc. and MCMC, LLC for health insurance benefits.

Defendants Amtrak and BNSF move the Court to transfer this case to the Western District of Louisiana, Lafayette Division, pursuant to 28 U.S.C. § 1404(a). Defendants contend that neither the alleged acts or omissions giving rise to this action nor the parties involved have a significant connection, if any, to the Eastern District of Louisiana, critical non-party witnesses are located in the Western District of Louisiana and are beyond the trial subpoena power of this Court, and three other related and consolidated cases involving the same collision are presently pending in the Western District of Louisiana.

**II. <u>DISCUSSION</u>**

Section 1404(a), entitled Change of Venue, provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C.A. § 1404(a) (West 2006). The preliminary question

under § 1404(a) is whether a civil action "might have been brought" in the destination venue. In re Volkswagen of Am., Inc., 545 F.3d 304, 312 (5th Cir. 2008). If the answer is yes, then the court determines whether the movant has shown good cause for the transfer. Id. at 315. To show good cause means that the moving party must clearly demonstrate the a transfer is "[f]or the convenience of parties and witnesses, in the interest of justice." Id. (quoting 28 U.S.C. § 1404(a)). When the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected. Id. When the movant demonstrates that the transferee venue is clearly more convenient, however, it has shown good cause and the district court should therefore grant the transfer. Id.

Courts in this circuit consider certain private and public interest factors when deciding whether good cause exists for a § 1404(a) transfer of venue. The private interest factors are: 1) the relative ease of access to sources of proof, 2) the availability of compulsory process to secure the attendance of witnesses, 3) the cost of attendance for willing witnesses, and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. Volkswagen, 545 F.3d at 315 (quoting In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004)). The public interest factors are 1) the administrative

difficulties flowing from court congestion, 2) the local interest in having localized interested decided at home, 3) the familiarity of the forum with the law that will govern the case, and 4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law. Volkswagen, 545 F.3d at 315 (quoting Volkswagen, 371 F.3d at 203).

The foregoing factors are appropriate for most transfer cases but they are not exhaustive or exclusive and none is of dispositive weight. Id. (quoting Action Indus., Inc. v. U.S. Fid. & Guar. Corp., 358 F.3d 337, 340 (5th Cir. 2004)). The plaintiff's choice of venue is not an independent factor within the § 1404(a) analysis but it is taken into account because the movant is faced with the significant burden of showing good cause for the transfer. Volkswagen, 545 F.3d at 315 n.10. The district court always retains "broad discretion in deciding whether to order a transfer." Volkswagen, 545 F.3d at 311 (quoting Balawajder v. Scott, 160 F.3d 1066, 1067 (5th Cir. 1998)).

The parties do not dispute that venue is proper in this district and that this action might have been brought in the Western District of Louisiana.[1] The Court turns its attention to

---

[1] FELA has its own venue provision. A FELA action may be brought "in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action." 45 U.S.C.A. §

4

whether Defendants have shown good cause by establishing that the Western District of Louisiana is clearly more convenient.

Defendants point out that the accident occurred in the Western District of Louisiana and it is therefore likely that the investigating officer, ambulance attendants as well as the emergency room physicians were from parishes within the Western District.[2] Further, Selby Clay and his passenger Beaulah Greene, reside in Cade, Louisiana, and Bob King, who was an eye witness to the accident, resides in Broussard, Louisiana. Defendants assert that these witnesses are outside the subpoena power of this Court and that by filing this action in the Eastern District of Louisiana Nagra has effectively precluded them from calling these crucial witnesses to testify live at trial.

Defendants argue that the three related cases currently pending in the Western District present a compelling reason to transfer this case to Lafayette. Defendants assert that there is no reason why Plaintiff cannot obtain as fair a trial in the Western District of Louisiana as she can in the Eastern District and that the only purpose for having the case remain in New Orleans would be to cause inconvenience and undue expense to

---

56 (West 2007). Courts readily recognize that § 1404(a) applies to FELA actions. See, e.g., York v. Union Pac. R.R. Co., No. 07-169, 2008 WL 5069835 (E.D. Tex. Feb. 13, 2008); Robertson v. Kiamichi R. Co., 42 F. Supp. 2d 651 (E.D. Tex. 1999).

[2] These first responders are assumed to be from either Lafayette, St. Martin, or Iberia Parishes.

Defendants.

In opposition, Nagra points out that this case has a clear factual nexus to the Eastern District of Louisiana. Nagra resides in Gretna, Louisiana where she raises her family. Nagra worked out of Union Passenger Terminal which is located in downtown New Orleans. Nagra points out that her treating physicians are located in this district and that a majority of her crew members and supervisors with knowledge about this case reside in the Eastern District. Nagra also adds that Ms. Lynn Padilla, a crucial witness because she was in the cab of the train with Nagra when the collision occurred, is located in Texas. Ms. Padilla is now disabled and it will be more difficult and expensive for her to travel from Texas to Lafayette, Louisiana by plane.[3] Nagra points out that Defendants are simply trying to shift the inconvenience from them to her which is not a permissible justification for transfer.

Putting aside for a moment the issue of the cases pending in the Western District, consideration of the public interest factors do not weigh in favor of transfer. The factors of relative access to proof and cost of witness attendance does not militate in favor of transfer. Nagra has identified at least as many witnesses who reside in this district as Defendants can

---

[3] Ms. Padilla also filed suit in the Eastern District of Louisiana. Judge Lemmon transferred her case to the Western District of Louisiana. (CA09-6772, Rec. Doc. 24).

point to in the Western District.  And Nagra's treating physicians, who are not mere experts but also serve as fact witnesses, will surely be crucial witnesses.

Compulsory process is not an issue in this case.  The law is clear that this Court has the authority to compel any witness located in this state to attend trial in the Eastern District.  Fed. R. Civ. Pro. 45(c)()3)(A)(ii).  Defendants contention with respect to this factor has no merit.

None of the public interest factors support Defendants' position.  Neither court congestion nor issues of choice of law is an issue.  And contrary to Defendants' contentions, this district does have a local interest in Nagra's case.  Nagra resides here, she worked here, she has received medical treatment in this district, and she will presumably continue to live in this district as she attempts to recover from her injuries.  This is not a case where the litigation has no local nexus whatsoever.  Nagra chose a venue that is expressly allowed by FELA notwithstanding that the accident situs is located in another district.  Venue in the Eastern District is clearly more convenient to Nagra and her local witnesses and she was not required to sacrifice her own convenience by filing suit in Lafayette so as to create a more convenient forum for Defendants to try this case.

That said, the Court is persuaded that the pendency of the

7

three consolidated cases in the Western District changes the analysis sufficiently so as to militate in favor of transfer. With the exception of Nagra's own treating physicians and economic experts, virtually every other witness, including Nagra herself and Ms. Padilla, will be crucial to both Nagra's case and to the consolidated cases pending in the Western District. Therefore, if Nagra's case stays in this district then every fact witness will be forced to appear twice for trial. Those witnesses will have to travel to both Lafayette and to New Orleans for trial and will have to incur time away from work and family obligations for both trials. Ms. Padilla, for whom travel is difficult, will be forced to travel twice, and Nagra herself will have to travel to the Western District when the consolidated cases are tried. Furthermore, because this Court has no ability or authority to control the conduct of discovery in the Western District, discovery may very well be duplicative and therefore burdensome to some witnesses.

In sum, in light of the consolidated cases pending in the Western District the Court is persuaded that Defendants have shown good cause for the transfer. In the exercise of its sound discretion the Court will order the case transferred to the Western District of Louisiana, Lafayette Division.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Transfer Pursuant to 28**

**U.S.C. § 1404(a) (Rec. Doc. 11)** filed by defendants Amtrak and BNSF is **GRANTED**. This action is transferred to the Western District of Louisiana, Lafayette.

August 19, 2010

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE